Ronald N. Richards (Cal. State Bar No. 176246)
LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C.
Email: ron@ronaldrichards.com
P.O. Box 11480
Beverly Hills, California 90213
Telephone: (310) 556-1001
Facsimile: (310) 277-3325

Geoffrey S. Long (Cal. State Bar No. 187429)
LAW OFFICES OF GEOFFREY LONG, A.P.C.
Email: glong0607@gmail.com
1601 N. Sepulveda Blvd., No. 729
Manhattan Beach, California 90266
Telephone: (310) 480-5946
Facsimile: (310) 796-5663

Attorneys for Plaintiff LDR INTERNATIONAL LIMITED, a British Virgin Island corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION

| | |
|---|---|
| LDR INTERNATIONAL LIMITED, a British Virgin Island corporation;<br><br>  Plaintiff,<br><br>  v.<br><br>SARA JACQUELINE KING, an individual, and KING FAMILY LENDING LLC, a California limited liability company;<br><br>  Defendants. | Case No. 8:23−cv−00257−DOC (JDEx)<br><br>**EX PARTE APPLICATION FOR ISSUANCE OF AN ORDER ALLOWING ISSUANCE AND SERVICE OF THIRD-PARTY BUSINESS RECORD SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RONALD RICHARDS**<br><br>**([Proposed] Order lodged concurrently herewith)** |

PLEASE TAKE NOTICE that Plaintiff LDR International Limited ("Plaintiff") hereby applies ex parte to be able issue third-party business record subpoenas relating to the fraud in this case. Plaintiff had thought it had made a deal with defendants Sara King ("King") and King Family Lending LLC ("KFL, collectively, "Defendants") for a pro forma stipulation for issuance of the business record subpoenas, but after a draft stipulation was provided, Defendants stopped returning Plaintiff's emails as it relates to

1   the issuance of the subpoenas.

2       Defendant King is an attorney and is representing both herself and defendant
3   KFL.  Pursuant to Central District Local Rule 7-19, King's contact information is as
4   follows: Sara King (Cal. State Bar No. 299115), email sarakingproper@gmail.com and
5   mauisara88@gmail.com, sjking@lotzkinglaw.com, sarajking@gmail.com, P.O. Box
6   8114, Rancho Santa Fe, California 92067, telephone (949) 220-3666. (Declaration of
7   Ronald Richards ("Richards Decl."), attached hereto, at ¶ 3.)

## MEMORANDUM OF POINTS AND AUTHORITIES

9       Plaintiff is a victim a large lending scheme and fraud.  Defendants borrowed over
10   $10,000,000 in principal from Plaintiff for the purported purpose of lending those funds
11   to third parties secured by valuable collateral.  It was all a fraud by Defendants which
12   included Defendants' provision of fake bank statements that were falsified, collateral
13   that does not exist, and falsified third party loan documents and fake third party
14   borrowers.  The third-party records are vital to see where Plaintiff's defalcated funds
15   were sent.  The longer Plaintiff is unable to see the money trail, the greater the chance
16   Plaintiff's misappropriated funds will be unreachable.

17       The Complaint was filed in this action on February 11, 2023.

18       Defendant King was served with process, via substitute service, on February 15,
19   2023, and service was deemed complete on February 25, 2023.  Defendant KFL was
20   served with process, via personal service, on February 21, 2023.  Both Defendants
21   answered the Complaint on March 28, 2023, after being given an extension of time to
22   answer.  The Court has not yet scheduled a Rule 16(b) scheduling conference, however,
23   Plaintiff has requested that Defendants participate in the Rule 26(f) conference but
24   Defendants have not responded.

25       Plaintiff needs to issue document subpoenas for third-party discovery to Bank of
26   America, the Wynn Las Vegas, aka Wynn Resorts Holdings, LLC, and other third
27   parties that handled the financial transactions for the Defendants in connection with the
28   allegations in the Complaint and the funds loaned by Plaintiff to Defendants.

1 | Plaintiff will suffer prejudice if it has to wait until the Federal Rule of Civil Procedure rule 26(f) conference to issue and serve subpoenas for documents from third parties pursuant to Federal Rule of Civil Procedure rule 45.

Plaintiff thought the parties had agreed to stipulate for the issuance of these third-party record subpoenas, however, defendant King then did not consent to the filing of the stipulation and stopped responded to emails regarding the same. (Richards Decl. at ¶¶ 4-9.)

Defendants were given ex parte notice of this application on March 30, 2023 pursuant Local Rule 7-19 to provide their position regarding this application. (Richards Decl. at ¶ 10.)

When Plaintiff initially requested that Defendants stipulate to the business record subpoenas, Defendant King repeatedly promised she would be attaching her gambling records and banking records to Defendants' answer to the Complaint. Because counsel for Plaintiff is very wary of this Court's time, we decided to wait. Defendants' answers to the Complaint then did not contain any gambling or bank records. Moreover, in the interim, Defendants had agreed to stipulate, but then never approved the proposed stipulation. (Richards Decl. at ¶ 4.)

Defendants filed their answers which are evasive and incomplete. Defendants avoided admitting or denying almost all of the substantive allegations in Plaintiff's Complaint, including those allegations that are clearly within Defendants' knowledge. Defendants also admitted in a cross-complaint against her estranged husband, which was rejected for filing by this Court, that she basically gambled the funds at issue away, which was corroborated her own admissions in a tape recording and to other third parties.

Defendants have provided no evidence they ever had any real collateral or third-party borrowers for the loans they obtained from Plaintiff. Defendants committed a serious fraud on the Plaintiff. Defendant is now using a P.O. Box for her address,

3

EX PARTE APPL. FOR LEAVE TO ISSUE THIRD PARTY SUBPOENAS; MEMO OF P's & A's; R. RICHARDS DECL.

refused to provide any physical residential or office address, and now has multiple emails, some under fake names to communicate with her.

Plaintiff is very concerned that if it cannot secure third-party documents and evidence promptly, its investigation will be hindered. Also, Plaintiff intends to file a Rule 56 motion promptly upon receipt of the third-party banking and gambling records.

Finally, none of the theatrical allegations or claims defendant King made against her husband in her rejected cross-complaint provide immunity or a defense to her theft and fraud of Plaintiff's funds.

For these reasons, Plaintiff respectfully requests issuance of an order permitting Plaintiff to immediately, prior to the Rule 26(f) conference or the Rule 16(b) scheduling conference, issue and serve third-party business record subpoenas.

DATED: March 30, 2023

LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C.

By: ___/ s / Ronald N. Richards, Esq.
Ronald N. Richards
Attorneys for Plaintiff LDR INTERNATIONAL LIMITED

## DECLARATION OF RONALD RICHARDS, ESQ.

1. I am the attorney for Plaintiff LDR International Limited ("Plaintiff") and admitted to practice in front of this Court. The following facts are based on my personal knowledge and if called to do so, I could and would testify thereto.

2. This declaration is filed in support of Plaintiff's Ex Parte Application for Issuance of an Order Allowing the Issuance and Service of Third-Party Business Record Subpoenas.

3. Pursuant to Central District Local Rule 7-19, defendants Sara King ("King") and King Family Lending LLC ("KFL," collectively, "Defendants") are represented in pro per Sara King (Cal. State Bar No. 299115), email sarakingproper@gmail.com, mauisara88@gmail.com, sjking@lotzkinglaw.com, and sarajking@gmail.com, P.O. Box 8114, Rancho Santa Fe, California 92067, telephone (949) 220-3666.

4. In response to my initial request made to King for Defendants to stipulate to issuance of third-party business record subpoenas, on March 16, 2023, King informed me she would be attaching all the gambling and bank records I was requesting to Defendants' answer to the Complaint. The records were not attached to Defendants' answers to the complaint.

5. I told King that I needed to see authenticated records from the banks and casinos directly.

6. King has already altered bank records that were given to Plaintiff, so her proposal was unacceptable.

7. On March 17, 2023, I sent King a draft stipulation for issuance of the third-party business record subpoenas as I told her that I cannot rely on the records she would attach to Defendants' answer.

8. Again on March 21, 2023, King requested that I again provide her with the draft stipulation for issuance of the third-party business record subpoenas, which I immediately emailed to her again.

9. I have not received any response from King since March 21, 2023, regarding the proposed stipulation for issuance of the third-party subpoenas.

10. On March 30, 2023, I gave Defendants notice of this ex parte application via email and telephone via text. I did not receive any response from King or from the Defendants.

11. Due to numerous fluid events, we need to get records as soon as possible for our client showing the movement of over $10,000,000 of deployed funds.

12. King indicated in writing she would attach the banking and gambling records to Defendants' answers to the Complaint. She has done neither and constantly makes one false promise after another.

13. The records have become even more important as Defendants' answers to the Complaint avoided admitting or denying most of the substantive allegations in the Complaint, including those allegations that are clearly within Defendants' knowledge.

I declare under penalty of perjury under the laws of the United States of America the above to be true and correct dated March 30, 2023.

/s Ronald Richards

_____
Ronald Richards