Ronald N. Richards (Cal. State Bar No. 176246)
LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C.
Email:  ron@ronaldrichards.com
P.O.  Box 11480
Beverly Hills, California 90213
Telephone:   (310) 556-1001
Facsimile:    (310) 277-3325

Geoffrey S. Long (Cal. State Bar No. 187429)
LAW OFFICES OF GEOFFREY LONG, A.P.C.
Email:  glong0607@gmail.com
1601 N. Sepulveda Blvd., No. 729
Manhattan Beach, California 90266
Telephone:   (310) 480-5946
Facsimile:    (310) 796-5663

Attorneys for Plaintiff LDR INTERNATIONAL LIMITED, a British Virgin Island corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION

| | |
|---|---|
| LDR INTERNATIONAL LIMITED, a British Virgin Island corporation;<br><br>      Plaintiff,<br><br>      v.<br><br>SARA JACQUELINE KING, an individual, and KING FAMILY LENDING LLC, a California limited liability company;<br><br>      Defendants. | Case No. 8:23−cv−00257−DOC (JDEx)<br><br>**PLAINTIFF'S RULE 26(f) REPORT**<br><br>Action Filed:    2/11/2023<br>Trial Date:     None Set |

     This Rule 26(f) Report is filed only on behalf of Plaintiff LDR International Limited ("Plaintiff").  On March 30, 2023, and again on April 13, 2023, after this Court issued its Order Setting Scheduling Conference, counsel for Plaintiff emailed defendant

Sara Jacqueline King[1] ("King") requesting a Rule 26(f) scheduling conference of the parties to be completed no later than April 17, 2023.  King did not respond to either email and also did not appear at the Court's April 13, 2023 status conference.  Therefore, this Rule 26(f) Report is filed unilaterally by Plaintiff.

## 1.      Factual Summary of Case

Plaintiff is the victim a large lending scheme and fraud at the hands of Defendants.  Defendants borrowed over $10,000,000 in principal from Plaintiff for the purported purpose of lending those funds to third party borrowers which would be secured by valuable collateral owned by the third parties.  It was all a fraud by Defendants which included Defendants providing Plaintiff with falsified third-party loan documents regarding fake third-party borrowers, falsified documents regarding collateral that does not exist, and falsified bank statements.

Beginning in January 2022 and for approximately ten months thereafter, Plaintiff began extending a series of loans to Defendants.  All of the loans were for a similar purpose and took a similar form:  Plaintiff would loan funds to Defendants which King represented Defendants were using to fund loans to third-party borrowers.  The purported loans from Defendants to the third-party borrowers were purportedly secured by various forms of collateral, including but not limited to luxury automobiles, boats, yachts, jewelry, watches, precious metal coins, and the earnings from guaranteed professional sports contracts.  The loans from Plaintiff to Defendants in turn would be secured by the same collateral which purportedly secured the loans from Defendants to the third-party borrowers.

As it turns out, there were no third-party borrowers and no loans from Defendants to any third-party borrowers.  Instead, Defendants took all of the funds loaned by Plaintiff and used them for King's own personal use and enjoyment gambling and living

---

[1] King is an attorney licensed in California (State Bar No. 299115) and is representing herself in pro per.  A Default By Clerk pursuant to F.R.Civ.P. 55(a) was entered against Defendant King Family Lending LLC ("King Lending," King and King Lending are referred to herein collectively as the "Defendants") on April 4, 2023.

an extravagant lifestyle in Las Vegas.

In total, Plaintiff extended ninety-seven (97) loans to Defendants, all evidenced by promissory notes, in the total principal amount of $10,258,500.  In connection with each of the 97 loans from Plaintiff to Defendants, King made various false written representations regarding the third-party loans, collateral for the third-party loans, and funding of the third-party loans.  In connection with each of the purported third-party loans, Defendants provided Plaintiff with purported loan documents between King Lending and the purported third-party borrowers and documents regarding the purported collateral, including title documents, appraisals, photographs, and professional guaranteed sports contracts, with the name and other identifying information of the third-party borrowers redacted.  The purported third-party loan documents and collateral documents all were false and fabricated by Defendants.

Defendants also provided Plaintiff with falsified proof of funding documents purporting to show funding of the third party loans and falsified bank statements purporting to show payments made by third-party borrowers on the purported third-party loans.  Defendants altered the bank statements to show deposits/payments by third-party borrowers that were in fact never made.  This was all done to cause Plaintiff to continue funding these non-existent third-party loans.

## 2. Principal Issues in the Case

Plaintiff alleges claims against both Defendants for breach of contract (the loans from Plaintiff to Defendants and promissory notes by Defendants), fraud, and civil theft (Cal. *Penal Code*, § 496).  This is an extensive, malicious fraudulent lending scheme but the legal and factual issues are relatively straightforward.  Defendant Sara King lied about the intended use of funds and continually lied about their misuse and misappropriation.  The principal issues will be:

- Defendants' breaches of the loan and promissory notes by failing to repay same.
- Defendants' fraud in connection with the purported purpose of the loans

and that there were ever any third-party borrowers or collateral.

- Defendants' falsification of bank records and other related financial documents provided by Defendants to Plaintiff.

- Defendants' civil theft in violation of California *Penal Code* section 496 ("Section 496) and recovery of statutory treble damages.  Section 496(a) provides, "[e]very person who buys or receives any property that has been stolen <u>or that has been obtained in any manner constituting theft</u> … knowing the property to be so stolen or obtained … shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170." (Cal. *Penal Code*, § 496(a) (emphasis added).)  Section 496(c) provides for the recovery of treble damages, costs, and attorneys' fees.  (Cal. *Penal Code*, § 496(c).) California *Penal Code*, section 484(a), defines "theft" for purposes of Section 496 as follows:  "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property … and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, is guilty of theft." (Cal. *Penal Code*, § 484(a).)  The phrase "any manner constituting theft" in Section 496(a) includes theft by false pretense.  *Bell v. Feibush*, 212 Cal.App.4th 1041, 1043 (2013) (Section 496 applies in the context of a loan scam) (citing *People v. Gomez*, 43 Cal.4th 249, 255, fn. 4 (2008)).

- Plaintiff's attempts, via third party discovery, to locate and recover any of the funds that were loaned to Defendants.

**3.     Whether Parties Are Likely To Be Added or the Pleadings Amended**

Plaintiff does not anticipate adding any parties or amending the pleadings. The only parties that potentially would be added are third parties in possession of Plaintiff's funds, if timely identified.

**4.      Issues Which May Be Determined by Motion**

Plaintiff anticipates that King may not respond to discovery and that discovery motions to compel with escalating sanctions may be necessary against King. Plaintiff anticipates filing a motion for default judgment against King Lending pursuant to *Federal Rules of Civil Procedure*, rule 55. Plaintiff anticipates filing a motion for summary judgment against King pursuant to *Federal Rules of Civil Procedure*, rule 56.

**5.      Settlement Discussions and Settlement Procedure**

There have been no settlement discussions. Defendant Sara King has made vague offers that are nonsensical. Also, Sara King has not responded to various emails or calls from Plaintiff's counsel. Plaintiff is not amenable to participating in mediation before a mediator selected from the Court's Mediation Panel because it is a waste of time. Plaintiff does not want to pay for private mediation because Plaintiff does not believe Defendants will participate in good faith nor at all. Defendant Sara King is a fraudster and has not done anything to provide any confidence to the Plaintiff that she has any intention of returning the misappropriated funds.

**6.      Discovery Plan**

Discovery should not be phased or limited. Full discovery should commence immediately following the May 8, 2023 scheduling conference with the Court without the need for any further order of the Court. Plaintiff desperately needs to track down where the funds were moved to. Plaintiff anticipates that King will not respond to discovery or produce documents and, therefore, that motions to compel will be necessary with escalating sanctions. In the event Defendants do participate in discovery, Plaintiff anticipates that King may assert various privileges. This will be up to her to raise if she files her own Rule 26(f) report.

1

**7.      Non-Jury Court Trial**

2      Plaintiff waives jury.  Plaintiff does not request a jury trial and will proceed with

3   Court trial if the Court denies the Rule 56 motion or the Defendant's answer is not

4   stricken.  Plaintiff estimates a Court trial will take two to three days, mostly due to the

5   volume of loan documents, falsified documents, and fraudulent emails from Defendants

6   to Plaintiff.

7   **8.      Other Issues Affecting Status or Management of the Case and Proposed Cut-**

8   **        Off Dates**

9      Other than King's failure to participate in this action, Plaintiff does anticipate any

10   other issues affecting the status or management of the case.  Plaintiff proposes the

11   following cut-off/trial related dates:

12          a. discovery cut−off:           November 8, 2023

13          b. final motion cut−off:        December 11, 2023

14          c. final pretrial conference:   January 22, 2024

15          d. trial date:                  January 30, 2024

16

17   DATED: April 24, 2023              LAW OFFICES OF RONALD RICHARDS &
                                       ASSOCIATES, A.P.C.

18

19                                     By:    / s /  Ronald N. Richards
                                              Ronald N. Richards
20                                     Attorneys for Plaintiff LDR
                                       INTERNATIONAL LIMITED
21

22   DATED: April 24, 2023              LAW OFFICES OF GEOFFREY LONG,
                                       A.P.C.
23

24

25                                     By:    / s /  Geoffrey S. Long
                                              Geoffrey S. Long
26                                     Attorneys for Plaintiff LDR
                                       INTERNATIONAL LIMITED

27

28