Ronald N. Richards (SBN 176246)
LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C.
Email: ron@ronaldrichards.com
P.O. Box 11480
Beverly Hills, California 90213
Telephone: (310) 556-1001
Facsimile: (310) 277-3325

Geoffrey S. Long (SBN 187429)
LAW OFFICES OF GEOFFREY LONG, A.P.C.
Email: glong0607@gmail.com
1601 N. Sepulveda Blvd., No. 729
Manhattan Beach, California 90266
Telephone: (310) 480-5946
Facsimile: (310) 796-5663

Attorneys for Plaintiff LDR INTERNATIONAL LIMITED, a British Virgin Island corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION

| | |
|---|---|
| LDR INTERNATIONAL LIMITED, a British Virgin Island corporation;<br><br>Plaintiff,<br><br>v.<br><br>SARA JACQUELINE KING, an individual, and KING FAMILY LENDING LLC, a California limited liability company;<br><br>Defendants. | Case No. 8:23−cv−00257−DOC (JDEx)<br><br>**PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS SARA JACQUELINE KING AND KING FAMILY LENDING LLC**<br><br>**(FED. R. CIV. P. 56; CENTRAL DISTRICT LOCAL RULE 56-1)**<br><br>(Filed concurrently with: 1) Notice of Motion and Motion for Summary Judgment; 2) Memorandum of Points and Authorities; 3) Appendix of Evidence and Declarations; and 4) Notice of Lodging Proposed Judgment)<br><br>Date: October 16, 2023<br>Time: 8:30 a.m.<br>Courtroom: 10A<br>Judge: Judge David O. Carter<br><br>Trial Date: January 30, 2024 |

Pursuant to Rule 56-1 of the United States District Court, Central District of California, Local Rules, and this Court's Scheduling Order & Order Re: Pretrial and Trial Procedures, issued May 8, 2023, Plaintiff LDR INTERNATIONAL LIMITED ("Plaintiff" or "LDR") hereby submits this Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Summary Judgment against Defendants SARA JACQUELINE KING ("Sara King") and KING FAMILY LENDING LLC ("King Lending," collectively "Defendants").

## UNCONTROVERTED FACTS

| Uncontroverted Material Fact | Supporting Evidence |
|---|---|
| 1. On February 11, 2023, Plaintiff filed its Complaint for breach of contract, fraud, civil theft (*Cal. Penal Code,* § 496), and account stated against Defendants in this action in this United States District Court based on diversity jurisdiction pursuant to 18 U.S.C. Section 1332. | Exhibit "A" to concurrently filed Appendix of Evidence in Support of Motion for Summary Judgment ("Appendix of Evidence")[1]. |
| 2. The Complaint includes detailed allegations that Sara King and King Lending are alter egos of each other and that King Lending is so organized and controlled by Sara King and its affairs and business are so conducted as to make it a mere instrumentality and alter ego of Sara King, including but not limited commingling of funds and other assets between the two, failure to segregate | Exhibit "A" at ¶ 5. |

---

[1] Unless otherwise indicated, all evidence (exhibits and declarations) cited herein is attached to the concurrently filed Appendix of Evidence.

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | funds, Sara King's unauthorized diversion of corporate/business funds and assets to herself for personal/non-business uses, and that Sara King has treated the assets of King Lending as her own. On such bases, the Complaint seeks to hold Sara King liability for the debts and liabilities of King Lending, as well as for her own tortious conduct. | |
| 8<br>9 | 3. A Default by Clerk F.R.Civ.P. 55(a) was entered against King Lending on April 4, 2023. | Exhibit "B." |
| 10<br>11 | 4. Sara King filed her Answer to the Complaint on March 28, 2023. | Exhibit "C." |
| 12<br>13<br>14<br>15<br>16<br>17<br>18<br>19 | 5. On June 13, 2023, a criminal Information for wire fraud (18 U.S.C. § 1343), money laundering (18 U.S.C. § 1957), and criminal forfeiture (18 U.S.C. § 982) was filed against Sara King ("Criminal Information") by the United States Attorney in the action entitled <u>United States of America v. Sara Jacqueline King</u>, United States District Court, Central District of California, Southern Div., Case No. 8:23-cr-00079-DOC ("Criminal Action"). | Exhibit "D." |
| 20<br>21<br>22 | 6. The Criminal Information involves the same acts, occurrences, and fraud that are involved in the Complaint filed by Plaintiff in this action. | Exhibit "A" at ¶¶ 2, 3, and 8-22; Exhibit "D" at ¶¶ 1-6. |
| 23<br>24 | 7. On June 12, 2023, Sara King entered a Plea Agreement in the Criminal Action ("Plea Agreement"). | Exhibit "E." |
| 25<br>26<br>27<br>28 | 8. Pursuant to the Plea Agreement, Sara King pled guilty to wire fraud in violation of 18 U.S.C. § 1343 and money laundering in violation of 18 U.S.C. § 1957 in | Exhibit "E" at ¶¶ 4, 5, 13, and 32. |

| | |
|---|---|
| connection with, *inter alia,* the fraud she committed on Plaintiff which is the subject matter of this action and admitted to the factual basis of the Criminal Information. | |
| 9. On July 24, 2023, Sara King appeared personally before Judge David O. Carter in the Criminal Action to accept the terms of the Plea Agreement and plead guilty as set forth therein under penalty of perjury. | Exhibit "F." |
| 10. At all times relevant hereto, Sara King was an attorney licensed to practice law in California. | Exhibit "E" at ¶ 13, p. 6:17-25 and 26-28. |
| 11. Sara King operated King Lending which purportedly provided short-term, high-interest loans to celebrities, professional athletes, and other high-net-worth individuals secured by the borrower's own assets, including designer handbags, watches, luxury automobiles, yachts, and earnings from guaranteed professional sports contracts. | Exhibit "E" at ¶ 13, pp. 6:26 – 7:5. |
| 12. Beginning in or around January 2022 and continuing until at least in or around January 11, 2023, Sara King, knowingly and with intent to defraud, devised, participated in, and executed a scheme to obtain money and property from investors of King Lending, including Plaintiff, by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts. | Exhibit "E" at ¶ 13, p. 7:6-12, p. 8:1-5. |
| 13. Sara King, through King Lending, recruited investors to purportedly fund the business's loans. She told investors that their investments were secured by the | Exhibit "E" at ¶ 13, p. 7:13-18. |

4

Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgment Against Defendants

| | |
|---|---|
| same collateral as the loans. Sara King promised that she would retain possession of the collateral and that, in the event a borrower defaulted, she would sell the collateral to pay the investor in full. | |
| 14. In reality, during this time period, Sara King never initiated or funded any loan. Instead of using the investor funds for loans, Sara King used the funds to gamble at Las Vegas casinos and support her lavish lifestyle. | Exhibit "E" at ¶ 13, p. 7:23-26; Declaration of Ronald Richards ("Richards Decl.") at ¶¶ 3-7; Exhibits "GG" and "HH." |
| 15. Beginning in January 2022 through October 2022, Plaintiff began extending a series of loans to King Lending. All of the loans from Plaintiff to King Lending were for a similar purpose and took a similar form, to wit: Plaintiff would loan King Lending moneys which, according to the written and verbal representations made by King Lending and Sara King to me, King Lending would then use that money to fund loans to third-party borrowers. Sara King and King Lending represented to me and Plaintiff, in writing and verbally, that the purported loans from King Lending to the third-party borrowers were secured by various forms of collateral, including but not limited to luxury automobiles, boats, yachts, jewelry, watches, precious metal coins, and the earnings from guaranteed professional sports contracts. The loans from Plaintiff to King Lending would in turn be secured by the same collateral which purportedly | Declaration of Laurent Reiss ("L.R. Decl.") at ¶4; Exhibit "E" at ¶ 13, p. 6:17-25, pp. 7:1 – 8:5; Exhibits "AA" through "EE." |

5

Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgment Against Defendants

| | | |
|---|---|---|
| | secured the loans from King Lending to the third-party borrowers. | |
| | 16. Each of the loans from Plaintiff to King Lending was evidenced by a Promissory Note, prepared by Sara King, payable by King Lending, as maker, to Plaintiff, as payee. In each of said Promissory Notes, Sara King and King Lending expressly represented that the loan from Plaintiff to King Lending was for purpose of making the third-party loan as follows: "Maker is a California Finance Lender and is using all monies to fund a loan. Collateral for said loan is: [collateral identified]." All of these Promissory Notes are identical other than the date, dollar amount, and collateral identified in paragraph 7. | Exhibits "G" through "K;" L.R. Decl. at ¶ 5. |
| | 17. Each of the Promissory Notes from King Lending as maker to Plaintiff as payee contains an attorneys' fee clause in the event collection on the note is required, governing law provision applying California law, and default provisions. | Exhibits "G" through "K" at ¶ 11; L.R. Decl. at ¶ 6. |
| | 18. In total, Plaintiff made ninety-seven (97) loans to King Lending in the total principal amount of $10,258,500 which were purportedly secured by luxury cars, jewelry, watches, antique precious metal coins, designer handbags, boats, yachts, and earnings from guaranteed sports contracts with representations regarding salary and bonus amounts. In connection with each of the 97 loans from Plaintiff to King Lending, Sara King made various intentionally false written | L.R. Decl. at ¶ 7; Exhibit "E" at ¶ 13, p. 6:17-25, pp. 7:1 – 8:5; Exhibit "L." |

| | |
|---|---|
| representations regarding the third-party loans, collateral for the third-party loans, and funding of the third-party loans. | |
| 19.     In connection with the purported third-party loans which the moneys loaned by Plaintiff to King Lending were purportedly being used to fund, Sara King and King Lending provided Plaintiff and its agent and representative Laurent Reiss ("L.R.") with false and fabricated loan documents between King Lending and the purported third-party borrowers, which typically included a Secured Promissory Note and Security Agreement with the name and other identifying information of the third-party borrower redacted by Defendants, and which Sara King and King Lending represented to Plaintiff were the third-party loan documents.  These purported third-party loan documents that were provided to Plaintiff by Defendants are false and fabricated because there were no such third-party loans by King Lending to any third-party. | L.R. Decl. at ¶ 8 and ¶¶15 through 19; Exhibit "E" at ¶ 13, p. 6:17-25, pp. 7:1 – 8:5; Exhibits "M" through "Q" and "AA" through "EE." |
| 20.     In connection with many of the purported third-party loans which the moneys loaned by Plaintiff to King Lending were purportedly being used to fund, Sara King and King Lending provided Plaintiff and L.R. with false and fabricated documents regarding the collateral purportedly securing said loans, including but not limited to title documents, appraisals, and photographs, with name and other identifying information of the third-party | L.R. Decl. at ¶ 9 and ¶¶15-19; Exhibit "E" at ¶ 13, p. 6:17-25, p. 7:1-28; Exhibits "R" through "V" and "AA" through "EE." |

7
Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgment Against Defendants

| | |
|---|---|
| borrower redacted, which Sara King and King Lending represented to Plaintiff was the collateral securing the third-party loans. | |
| 21.    In connection with the purported third-party loans which the moneys loaned by Plaintiff to King Lending were purportedly being used to fund and which were secured by guaranteed professional sports contracts, Sara King and King Lending provided Plaintiff and L.R. with information regarding the alleged guaranteed sports contracts, including salary and bonus information and an NFL Player Contract which Sara King and King Lending represented to Plaintiff was one of the guaranteed contracts that secured one of King Lending's third-party loans. | L.R. Decl. at ¶ 10; Exhibit "E" at ¶ 13, p. 6:17-25, p. 7:1-28; Exhibit "W." |
| 22.    In connection with many of the purported third-party loans which the moneys loaned by Plaintiff to King Lending were purportedly being used to fund, Sara King and King Lending provided Plaintiff and L.R. with purported proof of funding documents which typically consisted of a cashier's check from King Lending with the purported third-party borrower's name redacted which Sara King and King Lending represented to Plaintiff were evidence of the third-party loans being funded by King Lending.  Because the payee names were redacted, Plaintiff could never verify that the funds were actually loaned to the third-party borrowers.  These "proof of funds" documents do not evidence payment to | L.R. Decl. at ¶ 11 and ¶¶15 through 19; Exhibit "E" at ¶ 13, p. 6:17-25, p. 7:1-28; Exhibits "X" through "ZZ" and "AA" through "EE." |

8

Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgment Against Defendants

| | |
|---|---|
| any third-party borrowers and Sara King and King Lending intentionally provided Plaintiff with these false and mispresented documents. | |
| 23.  Sara King and King Lending also falsely represented to Plaintiff and L.R. that the amount of $6,331,580 received by King Lending in loan repayments from third-party borrowers had been "redeployed" to fund purported additional loans between King Lending and third-party borrowers, instead of being repaid to Plaintiff.  In fact, there were no payments made by any third-party borrowers because there were no third-party borrowers or loans to third-party borrowers. | L.R. Decl. at ¶¶ 12, 20, and 21; Exhibit "E" at ¶ 13, p. 6:17-25, p. 7:1-28; Exhibit "FF." |
| 24.  Sara King and King Lending engaged in a massive fraud on Plaintiff.  There were no third-party loans from King Lending to any third-party borrowers. | L.R. Decl. at ¶¶ 13 and 15 through 21; Exhibit "E" at ¶ 13, p. 6:17-25, p. 7:1-28; Exhibits "AA" through "FF." |
| 25.  Sara King and King Lending falsified and fabricated each of the purported third-party loans and all of the documents regarding those loans, funding of the third-party loans, and collateral for those loans. | L.R. Decl. at ¶¶ 14, 20, and 21; Exhibits "M" through "Z" and Exhibit "FF;" Exhibit "E" at ¶ 13, p. 6:17-25, pp. 7:1 – 8:5. |
| 26.  Sara King spent the majority of the funds loaned by Plaintiff to King Lending to gamble in Las Vegas, fund an extravagant lifestyle, and for other personal uses. | Exhibit "E" at ¶ 13, p. 6:17-25, pp. 7:1 – 8:5; Richards Decl. at ¶¶ 3-7; Exhibits "GG" and "HH." |
| 27.  Sara King even used $132,156.09 to purchase a | Exhibit "E" at ¶ 13, p. |

| | | |
|---|---|---|
| | Porshe Taycan for herself. | 8:6-13. |
| | 28. Plaintiff only made the loans to King Lending because of the representations made by Sara King and third-party loan documents that L.R. and Plaintiff were provided by King Lending and Sara King. Plaintiff would not have made any loans to King Lending but for the representations by Sara King and third-party loan documents which ended up being fabricated, including but not limited to the third-party promissory notes, documents regarding collateral, and proof of fundings documents, that Plaintiff and L.R. were provided by King Lending and Sara King. | L.R. Decl. at ¶ 22. |
| | 29. In reliance on the representations made by Sara King and King Lending to Plaintiff and L.R., including the false and fabricated documents provided to Plaintiff and L.R., emails from Sara King, and phone calls with Sara King, Plaintiff did fund ninety-seven (97) loans to King Lending. The total amount of principal loaned by Plaintiff to King Lending is $10,258,500. | L.R. Decl. at ¶ 23; Exhibit "L." |
| | 30. Plaintiff has performed all obligations required of it in connection with each of the ninety-seven (97) loans from Plaintiff to King Lending, including but not limited to loaning King Lending the principal sum of $10,258,500. | L.R. Decl. at ¶¶ 23 through 23; Exhibits "G" through "K;" Exhibit "L." |
| | 31. All of the ninety-seven (97) loans from Plaintiff to King Lending have matured, are unpaid by King Lending, and are in default. | L.R. Decl. at ¶ 24; Exhibit "L." |

Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgment Against Defendants

| | |
|---|---|
| 32. In connection with Plaintiff's demands for payment prior to filing this action, King Lending paid Plaintiff $2,000,000 against the interest owed to Plaintiff on the loans. | L.R. Decl. at ¶ 25. |
| 33. Principal on the ninety-seven (97) loans in the amount of $10,258,500 is owed by King Lending to Plaintiff. | L.R. Decl. at ¶ 24. |
| 34. Unpaid prejudgment interest pursuant to the Promissory Notes on the ninety-seven (97) loans, from the dates of funding through September 30, 2023, in the amount of $1,900,000 is owed by King Lending to Plaintiff. | L.R. Decl. at ¶ 26. |
| 35. Sara King transferred hundreds of thousands of dollars from King Lending's bank account into her personal bank account. | Richards Decl. at ¶¶ 8-9; Exhibits "GG" and "HH." |

## CONCLUSIONS OF LAW

| **Conclusions of Law** | **Authority** |
|---|---|
| 1. A plaintiff's burden of proof on a cause of action for breach of written contract is to establish the following essential elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff. | *Bushell v. JPMorgan Chase Bank, N.A.*, 220 Cal.App.4th 915, 921 (2013). |
| 2. A plaintiff's burden of proof on a cause of | *Lazar v. Superior Court*, 12 |

| | |
|---|---|
| action for fraud is to establish the following essential elements (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, *i.e.*, to induce reliance; (d) justifiable reliance; and (e) resulting damage. | Cal.4th 631, 638 (1996). |
| 3. California *Penal Code*, section 496(a) (civil theft), provides, "[e]very person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained … shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170." | Cal. *Penal Code,* § 496(a). |
| 4. California *Penal Code,* section 496(c), provides that any person "who has been injured by a violation of [Section 496(a)] ... may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees." | Cal. *Penal Code,* § 496(c). |
| 5. California *Penal Code*, section 484(a), defines "theft" for purposes of *Penal Code,* section 496, as follows: "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been | Cal. *Penal Code,* § 484(a) (emphasis added). |

Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgment Against Defendants

| | |
|---|---|
| entrusted to him or her, or <u>who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property</u> … and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, <u>is guilty of theft</u>." | |
| 6.    The phrase "any manner constituting theft" in *Penal Code,* section 496(a), includes theft by false pretense. | *Bell v. Feibush*, 212 Cal.App.4th 1041, 1043 (2013) (*Penal Code,* section 496, applies in the context of a loan scam) (citing *People v. Gomez*, 43 Cal.4th 249, 255, fn. 4 (2008)); *Switzer v. Wood*, 35 Cal.App.5th 116, 126 (2019). |
| 7.    "While section 496(a) covers a spectrum of impermissible activity relating to stolen property, the elements required to show a violation of section 496(a) are simply that (i) property was stolen or obtained in a manner constituting theft, (ii) the defendant knew the property was so stolen or obtained, and (iii) the defendant received or had possession of the stolen property." | *Switzer v. Wood*, 35 Cal.App.5th 116, 126 (2019) (citing *Lacagnina v. Comprehend Systems, Inc.*, 25 Cal.App.5th 955, 970 (2018)). |
| 8.    The elements for the common count of account stated are: "(1) previous transactions between the parties establishing the relationship of | *Zinn v. Fred R. Bright Co.*, 271 Cal.App.2d 597, 600 (1969); *Leighton v. Forster*, 8 |

| | |
|---|---|
| debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due." | Cal.App.5th 467, 491 (2017). |
| 9.     The alter ego test encompasses a host of factors, including but not limited to, commingling of funds and other assets; the unauthorized diversion of corporate funds or assets to other than corporate uses; and the treatment by an individual of the assets of the corporation as his own.  This list of factors is not exhaustive and the factors may be considered along with others under the circumstances of each case. | *Zoran Corp. v. Chen*, 185 Cal.App.4th 799, 811–812 (2010); *Associated Vendors, Inc. v. Oakland Meat Co.*, 210 Cal.App.2d 825, 838–840 (1962); *VirtualMagic Asia, Inc. v. Fil-Cartoons, Inc.*, 99 Cal.App.4th 228, 245 (2002). |
| 10.    The elements for the criminal offense of wire fraud are: (1) defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises; (2) the statements made or facts omitted as part of the scheme were material, *i.e.,* they had a natural tendency to influence, or were capable of influencing, a person to part with money or property; (3) defendant acted with the intent to defraud, deceive, and cheat; and (4) defendant used, or caused to be used, a wire communication | 18 U.S.C. § 1343; *United States v. Garlick*, 240 F.3d 789, 792 (9th Cir. 2020) (citing *United States v. Blinder*, 10 F.3d 1468, 1472 (9th Cir. 1993)). |

| to carry out or attempt to carry out an essential part of the scheme. | |

DATED: September 11, 2023  LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C.

By: ___/s/ Ronald N. Richards___
Ronald N. Richards
Attorneys for Plaintiff LDR
INTERNATIONAL LIMITED

DATED: September 11, 2023  LAW OFFICES OF GEOFFREY LONG, A.P.C.

By: ___/s/ Geoffrey S. Long___
Geoffrey S. Long
Attorneys for Plaintiff LDR
INTERNATIONAL LIMITED