Ronald N. Richards (Cal. State Bar No. 176246)
LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C.
Email: ron@ronaldrichards.com
P.O. Box 11480
Beverly Hills, California 90213
Telephone: (310) 556-1001
Facsimile: (310) 277-3325

Geoffrey S. Long (Cal. State Bar No. 187429)
LAW OFFICES OF GEOFFREY LONG, A.P.C.
Email: glong0607@gmail.com
1601 N. Sepulveda Blvd., No. 729
Manhattan Beach, California 90266
Telephone: (310) 480-5946
Facsimile: (310) 796-5663

Attorneys for Plaintiff/Judgment Creditor LDR INTERNATIONAL LIMITED, a British Virgin Island corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION

| | |
|---|---|
| LDR INTERNATIONAL LIMITED, a British Virgin Island corporation;<br><br>Plaintiff,<br><br>v.<br><br>SARA JACQUELINE KING, an individual, and KING FAMILY LENDING LLC, a California limited liability company;<br><br>Defendants. | Case No. 8:23−cv−00257−DOC (JDEx)<br><br>**[PROPOSED] ORDER TO SHOW CAUSE WHY SARA JACQUELINE KING SHOULD NOT BE HELD IN CONTEMPT OF COURT OR OTHER SANCTIONS**<br><br>**DATE:** DECEMBER 7, 2023<br>**TIME:** 10:00AM<br>**LOCATION:** 6A |

///

///

///

///

1        On October 23, 2023, this Court granted an application for appearance and examination of judgment debtor Sara Jacqueline King ("King") set for November 30, 2023.

       On November 21, 2023, this Court issued the following order (Dkt. 43): "Defendant Sara Jacqueline King is ORDERED to appear on November 30, 2023, at 10:00 a.m. in Courtroom 6A of the Federal Courthouse located at 611 West Fourth Street, Santa Ana, California, for a hearing regarding service and/or for a Judgment Debtor Examination (Dkt. 41)."

       The Court has not received any bounce backs from Defendant King's ECF email address.

       The Court also was notified by counsel for Judgment Creditor LDR International Limited ("Judgment Creditor" or "Plaintiff") that Ms. King's pretrial officer in a related criminal case and her public defender were also emailed a copy of the Court's November 21, 2023 Order at Dkt. 43 by Plaintiff's counsel.

       On November 30, 2023, Sara Jacqueline King failed to appear as ordered by this Court.

       The Court hereby issues an order to show cause re: contempt of court or other sanctions for failure to obey this Court's November 21, 2023 Order.

       Judgment Debtor Sara Jacqueline King is ordered to notify counsel for Judgment Creditor and the Court no later than December 5, 2023, if she will be appearing on December 7, 2023, for the previously ordered judgment debtor's examination with the documents requested in the attached subpoena. If she notifies counsel and the Court she will appear, the judgment debtor's examination with documents will go forward on December 7, 2023, at 10:00 a.m. in this Courtroom 6A. If King does not so notify counsel and the Court, the hearing on December 7, 2023, shall only be to address the order to show cause re: contempt or other sanctions.

1  Sara Jacqueline King is ordered to file any written response to this order to show
2  cause no later than December 4, 2023, by 5:00 p.m.  Plaintiff's counsel shall have until
3  December 5, 2023, for any reply to any response by King.
4  Sara Jacqueline King may also discharge this order to show cause if Plaintiff's
5  counsel and Ms. King file a stipulation and order for her to appear with documents on a
6  different date and time that the parties agree on and the Court is available on and signs
7  the stipulation.
8  Mr. Richards may appear by phone for the December 7, 2023 order to show cause
9  hearing date with his co-counsel Mr. Long appearing in person.  Either Mr. Long or Mr.
10 Richards may take the judgment debtor's examination of Ms. King.  Mr. Richard may
11 also appear via video phone for the debtor's examination with Mr. Long in person.
12 A copy of the document subpoena is attached as Exhibit "A" to this order.

**IT IS SO ORDERED**.

Dated: _____
UNITED STATES DISTRICT COURT

Submitted by:

/s Ronald Richards

_____
RONALD RICHARDS

**EXHIBIT "A"**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| LDR International Limited | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 8:23-cv-00257-DOC-JDEx |
| Sara Jacqueline King, an individual, and King Family Lending LLC, a California limited liability company | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Sara Jacqueline King

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: your probation forms, current lease for your residence, payments for your lease from 1/1/23 to present, current electric & gas bill, car lease, checking & savings accounts statements from 1/1/23 to present, investment account statements from 1/2/23 to present, and all documents identifying of your current assets.
All financial forms you filled out for probation for your sentencing.

| Place: Santa Ana Courthouse, 411 W. Fourth Street, Santa Ana, CA 92701-4516, Courtroom 6A | Date and Time: December 7, 2023, 10:00am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/26/2023

CLERK OF COURT                                        OR       */s/ Ronald Richards*

*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* LDR International Limited, who issues or requests this subpoena, are:

Ronald Richards, Esq., P.O. Box 11480, Beverly Hills, CA 90213, ron@ronaldrichards.com, 310-556-1001

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:23-cv-00257-DOC-JDEx

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 8:23-cv-00257-DOC-JDE   Document 46-1   Filed 11/30/23   Page 8 of 8   Page ID #:666

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).